IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUDEAN WATTS,

       Petitioner,

    v.

OREGON BOARD OF PAROLE AND
POST-PRISON SUPERVISION,

       Respondent.

Case No. 6:13-cv-02010-HZ

OPINION AND ORDER

Anthony D. Bornstein, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

     Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the Oregon Board of Parole and Post-Prison Supervision's ("Board") 2008 revocation of his parole and subsequent 84-month sanction. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

### BACKGROUND

Petitioner pleaded guilty to one count of murder in 1987 resulting in a life sentence with the possibility of parole. The Board initially paroled petitioner in February 2003, but revoked his parole in October 2004. Respondent's Exhibit 104, pp. 48-50. In May 2005, the Board again released petitioner to parole before once again revoking his parole in March 2008 based upon allegations of domestic violence involving his girlfriend. These allegations gave rise to criminal charges, but did not result in any criminal convictions.

On June 11, 2008, the Board held a future disposition hearing to determine whether petitioner should be re-released to parole. The Board relied on the statements of petitioner's girlfriend contained in police reports and denied petitioner re-release on the basis that he could not be adequately controlled in the community. The Board sanctioned petitioner to 84 months' imprisonment and established November 8, 2014 as his release date. *Id* at 150.

2 - OPINION AND ORDER

Petitioner filed for administrative review of the Board's actions from the June 11, 2008 future disposition hearing, but the Board denied relief. *Id* at 187-189. He next sought judicial review in the Oregon Court of Appeals where the appellate court affirmed the Board's decision without issuing a written opinion. *Watts v. Board of Parole and Post-Prison Supervision*, 252 Or. App. 751, 292 P.3d 75 (2012). The Oregon Supreme Court denied review. 353 Or. 534, 300 P.3d 1223 (2013).

Petitioner filed this habeas corpus action on November 12, 2013 in which he raises two grounds for relief:

1.    On March 11, 2008, the Board entered an order of revocation based upon petitioner's alleged conduct where the victim's accusations were not credible or provable; and

2.    At petitioner's future disposition hearing on July 11, 2008, the Board imposed an 84-month sanction based upon conduct of which petitioner was ultimately acquitted.

Respondent asks the court to deny relief on the Petition because: (1) petitioner does not allege a violation of federal law; and (2) even if petitioner had alleged a violation of federal law in this case, any such claims are procedurally defaulted where he failed to fairly present any federal issue to Oregon's appellate courts.

///

///

3 - OPINION AND ORDER

## DISCUSSION

The federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.**"   28 U.S.C. § 2254(a) (emphasis added).   Despite being represented by appointed counsel, petitioner fails to raise any federal claim in his Petition for Writ of Habeas Corpus.   In this respect, he fails to state a claim upon which the court can grant habeas corpus relief.

Even if petitioner had stated federal due process claims in his Petition for Writ of Habeas Corpus, such claims would be ineligible for merits consideration.   A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).   "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).   A petitioner is deemed to have "procedurally defaulted"

4 - OPINION AND ORDER

his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all.    *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

During his state-court appeals, petitioner did not challenge the March 2008 revocation of his parole at all, thus he did not fairly present his Ground One claim.    While he challenged the Board's subsequent imposition of the 84-month sanction as not supported by the evidence, he failed to identify any federal basis for his challenge.    Respondent's Exhibits 105 & 107.    "The law of [the Ninth Circuit] is plainly that a federal claim has not been exhausted in state court unless petitioner both raised the claim in state court and explicitly indicated then that the claim was a *federal* one. . . ."    *Lyons v. Crawford,* 232 F.3d 666, 669 (9th Cir. 2000) *as modified by* 247 F.3d 904 (9th Cir. 2001) (emphasis in original); *see also Reese v. Baldwin*, 541 U.S. 27, 32 (2004) (requiring a litigant to indicate the federal nature of his claim at each level of his state court proceedings).

While petitioner asserts that the sufficiency of the evidence claim he argued to the state courts is essentially a federal due process claim, the "mere similarity of claims is insufficient to exhaust."    *Duncan v. Henry*, 513 U.S. 364, 366 (1995).    "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is

5 - OPINION AND ORDER

unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). As such, petitioner failed to fairly present Grounds One and Two to Oregon's state courts. Because petitioner may no longer do so, the claims are procedurally defaulted and relief on the Petition is denied.[1]

### CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **23** day of June, 2014.

_Marco Hernandez_
Marco A. Hernandez
United States District Judge

---

[1] Notwithstanding petitioner's procedural failings, the court also notes that in the parole context, sufficiency of the evidence is not a protected due process right. The only federal due process requirements are that the inmate be given an opportunity to be heard and provided with a statement of reasons as to why his parole was denied. *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). This is "the beginning and the end of the federal habeas courts' inquiry. . . ." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011).

6 - OPINION AND ORDER